ELIZA R. NULSEN ET AL. V. CINCINNATI (CITY).

1. ASSESSMENT ACCORDING TO BENEFITS, DEPENDENT UPON DEPTH OF LOTS AND RELATIVE VALUE AFTER IMPROVEMENT MADE.

An assessment for improvements levied on lots on a basis of frontage, without reference to the depth thereof or the relative value of each after the improvement was made, is not an assessment in proportion to the benefits, within the statutory meaning.

2. CIRCUIT COURT WILL ENJOIN ASSESSMENT FRAUDULENTLY PURPORTING TO BE ACCORDING TO BENEFITS BUT ACTUALLY ON BASIS OF FRONTAGE.

The collection of an assessment actually made upon a basis of frontage, although the journal of the board of public service contains recitals that such assessment was levied according to benefits, will be enjoined.

INJUNCTION.

**W. H. Whittaker** and **C. M. Leslie,** for plaintiffs.

**C. J. Hunt,** city solicitor, for defendant.

Hamilton County.

**GIFFEN, J.**

The plaintiffs in this action seek to enjoin the collection of certain assessments levied upon the lots bounding and abutting Imperial street, this city. The resolution of the board of public service provided that said assessment is in proportion with the benefits which result to such lots and lands from said improvement and is limited to the special benefit conferred thereby on each lot or parcel of land assessed.

The petition contained the following averment:

"That in making said assessment said board of public service did not regard or attempt to regard the benefits thereof to the respective lots, but solely to apportion the costs and expense of the improvement upon the lots abutting thereon in proportion to their respective front- ages upon said improvements. That said assessment while purporting to be according to benefits, is actually an assessment by the front foot, each front foot being assessed at the same rate although not similarly benefited."

These allegations are fully sustained by the evidence. It appears upon the face of the proceedings that each foot of ground abutting on the improvement is assessed for the same amount regardless of the depth of the lot, and the evidence considered in connection with a view of the premises shows that the benefits, if any, conferred were by no means uniform, and that in one case, at least, to wit, lot No. 44, no benefit whatever was conferred.

It is claimed, however that this court cannot inquire into the pro- ceedings of the board for the reason that it kept a journal record of its proceedings which imports absolute verity. But if the board under a pretense of levying an assessment in proportion to the benefits con- ferred upon the several lots abutting upon the improved street did in fact make no such apportionment, but merely divided the cost of im- provement by the number of feet abutting thereon, regardless of the depth of the lots and regardless of the relative value of each after the improvement was made, it would be and was a plain fraud, which could not be protected by any entry which the board may have made in its journal to the contrary. *Chamberlain* v. *Cleveland*, 34 Ohio St. 551.

The testimony shows that lot No. 43 was of the value of $300 after the improvement, and lot No. 218 was of the value of $625. The limit of the assessment being 25 per cent of such value, the collection of all over $75 upon lot No. 43, and all over $156.25 on lot No. 218 will be enjoined, as well as the entire assessment on lot No. 44.

The other alleged objections against the assessment are not well taken, and a decree may be entered in accordance with the above finding.

**Jelke** and **Swing, JJ.,** concur.